## Harding v. City of Uniontown

*James T. Davis*, for plaintiffs.
*Peter U. Hook*, for defendant.

ADAMS, *J.*, December 10, 1982—The instant matter is a class action brought by Uniontown taxpayers (herein "plaintiffs") against the City of Uniontown (herein "defendant") alleging that: (1) defendant's enactment of Ordinance No. 1320 adopting "THE FOURTH TO EIGHTH CLASS COUNTY ASSESSMENT LAW" is null and void; and (2) if defendant's adopted ordinance was valid, the taxes levied and collected in 1982 were in excess of one hundred and five percent (105%) of the 1981 real estate tax levy, in violation of the County Assessment Law.

For the reasons discussed herein, it is the Court's opinion that defendant's adoption of "THE FOURTH TO EIGHTH CLASS COUNTY ASSESSMENT LAW" was valid, but finds that defendant exceeded the statutory limitation of 105% of the total amount of taxes it levied on plaintiffs' properties in 1981 for the tax year 1982.

After hearing the court makes the following:

### FINDINGS OF FACT

1. Defendant, City of Uniontown, is a Third

Class City duly organized and existing under the laws of the Commonwealth of Pennsylvania.

2. On July 7, 1981, the City Council of the City of Uniontown adopted the following resolution, No. 388:

That Bill No. 1342 entitled "AN ORDINANCE ADOPTING FOR THE CITY OF UNIONTOWN 'THE FOURTH TO EIGHTH CLASS COUNTY ASSESSMENT LAW' ACT OF MAY 21, 1943 P.L. 571, AS AMENDED, AND ELECTING FOR CITY TAX PURPOSES THAT PROPERTY IN THE CITY BE ASSESSED AT 100% OF MARKET VALUE," be and it is hereby enacted an ordinance of the City of Uniontown.

3. In 1981, prior to the adoption of the resolution set forth herein, defendant assessed real estate taxes at 35 percent of defendant's own real estate assessment.

4. In the 1981 calendar year defendant levied real estate taxes in the amount of $852,428.11.

5. In the 1982 calendar year defendant levied real estate taxes in the amount of $1,177,838.38.

6. The 1982 real estate taxes levied by defendant on plaintiffs establish a 38 percent increase in real estate taxes for the calendar year 1982 or 138 percent of the real estate taxes in 1981, without approval of court.

## DISCUSSION

Section 104 of the Act of 1943, as amended, gives cities the option to adopt by ordinance "THE FOURTH TO EIGHTH CLASS COUNTY AS-SESSMENT LAW." 72 P.S. §5453.104. The court finds no reason to declare Ordinance No. 1320 invalid since the ordinance was duly adopted and filed according to law.

Section 104 of the act binds defendant to all the provisions of this act. 72 P.S. §5453.101-.706.

Therefore, the question remains whether defendant may levy real estate taxes for the year 1982 which are in excess of 105 percent of the real estate taxes levied in 1981.

Section 602(b) of the act of 1943, as amended, requires each political subdivision, other than a School District that levies its real estate taxes on the County assessment as fixed under this act for the first time, to limit the total amount of taxes for that year against the real properties contained in the duplicate for the preceding year to an amount not to exceed 105 percent of the total amount it levied on such propeties the preceding year, notwithstanding the increased valuation of such propeties under the new assessment system, 72 P.S. §5453.602(b), unless defendant received approval of court to exceed this limitation.

In 1981, prior to the adoption of Ordinance No. 1320, defendant assessed real estate taxes at 35 percent of defendant's own real estate assessment, and recovered real estate taxes in the amount of $852,428.11. On July 7, 1981, defendant adopted the County Assessment System constituting a new assessment system for tax purposes. By adopting the Fourth Class County Assessment Law, defendant bound itself to all provisons of this act, including the limitation on the amount of taxes that could be levied during the first year of the adoption of the Fourth Class County Assessment Law. However, the real estate taxes levied by defendant in 1982 on real estate was $1,177,838.38, being 138 percent of the real estate taxes levied in 1981. Accordingly, we find this in violation of Section 602, and direct defendant to remit to plaintiffs the taxes levied in excess of 105 percent.